# United States Court of Appeals
## For the Eighth Circuit

_____

No. 13-1872

_____

Larry Wayne Jones

*Plaintiff - Appellant*

v.

Sherry Conrad, Mailroom Supervisor, Varner Unit, ADC; James Banks, Warden, Varner Unit, ADC; Larry D. May, Chief Deputy Director, ADC; Grant Harris, Deputy Director, ADC; Ray Hobbs, Director, ADC

*Defendants - Appellees*

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Pine Bluff

_____

Submitted: March 31, 2014
Filed: June 2, 2014
[Unpublished]

_____

Before BYE, GRUENDER, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

After inmate Larry Wayne Jones was denied permission to receive two publications that had been sent to him through the mail, he brought this action under 42 U.S.C. § 1983 and the Religious Land Use and Institutionalized Persons Act

(RLUIPA).  The district court[1] granted summary judgment for defendants, and this appeal followed.  Having conducted careful de novo review, see Patel v. U.S. Bureau of Prisons, 515 F.3d 807, 812 (8th Cir. 2008), we conclude that both the First Amendment free exercise and the RLUIPA claims fail, because Jones did not meet his burden of demonstrating that a genuine issue existed on a material threshold fact: whether denial of the publications substantially burdened his ability to practice his religion, see id. at 813; Gladson v. Iowa Dep't of Corr., 551 F.3d 825, 831-33 (8th Cir. 2009) (where inmate failed to put forth specific evidence that ability to practice religion was substantially burdened, strict-scrutiny test under RLUIPA need not be applied).  Jones also argues that the district court erred by not construing his objections to the magistrate judge's report, in part, as a motion for leave to amend his complaint to clarify that he was bringing a class-of-one equal protection claim.  This argument has no merit, however, because the evidence failed to support any such claim.  See Nolan v. Thompson, 521 F.3d 983, 989-90 (8th Cir. 2008) (class-of-one plaintiff must provide specific and detailed account of nature of preferred treatment of favored class).  The judgment of the district court is affirmed.

_____

[1]The Honorable Brian S. Miller, Chief Judge, United States District Court for the Eastern District of Arkansas, adopting the report and recommendations of the Honorable Joe J. Volpe, United States Magistrate Judge for the Eastern District of Arkansas.